IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT REED,<br><br>　　　　Petitioners,<br><br>v.<br><br>JOHN W. HUBER,<br><br>　　　　Respondent. | REPORT AND RECOMMENDATIONS<br><br>Case No. 2:16-cv-00248-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

## I.     INTRODUCTION

This matter was referred to the court under 28 U.S.C. § 636(b)(1)(B).  (ECF No. 11.)  The case is presently before the court on two motions and the court's review of the Complaint filed in forma pauperis. First, Robert Reed filed a "Petition for Writ of Mandamus." (ECF No. 10.) At least superficially, Mr. Reed seeks a writ of mandamus that commands the United States Attorney for the District of Utah, John W. Huber, to turn over documents Mr. Reed believes are relevant to his criminal conviction in the District of Wyoming.

Next, Mr. Reed, with Lauren Scott[1] (collectively "Petitioners"), filed a "Petition to Vacate Order, Judgement or Proceeding for Fraud on the Court." (ECF No. 15.) This petition seeks to set aside a pretrial order entered by Magistrate Judge Sam Alba in the District of Utah. Judge Alba entered the order Petitioners now challenge when Petitioners were arrested in this District

---

[1] Ms. Scott is Mr. Reed's sister and codefendant in the Wyoming case. *United States v. Scott*, 630 F. App'x 745, 748 (10th Cir. 2015), *cert. denied,* 136 S. Ct. 1225, 194 L. Ed. 2d 224 (2016).

in 2012, prior to being transferred to the District of Wyoming to face charges in the previously-mentioned criminal case.

Beyond the requested relief, both motions address–at length–Petitioners' beliefs regarding the sufficiency of the evidence in the Wyoming matter. In that case, Mr. Reed pled guilty to charges of conspiracy to commit mail and wire fraud, and conspiracy to commit money laundering. *United States v. Reed*, 602 F. App'x 436, 437 (10th Cir.), *cert. denied,* 136 S. Ct. 185, 193 L. Ed. 2d 148 (2015). Ms. Scott pled guilty to fraud and money laundering. *Scott*, 630 F. App'x at 746. As can be inferred from the citations above, both Petitioners appealed their sentences to the Tenth Circuit. Both were unsuccessful. *See id.*; 602 F. App'x at 441.

## II.   ANALYSIS

The court interprets Petitioners' filings liberally because they proceed pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### a.   Petition for writ of mandamus

As Mr. Reed is aware from his recent petition to the Tenth Circuit, he must establish three criteria to obtain "the extraordinary remedy of a writ of mandamus." *In re: Robert Arthur Reed*, No. 16-8085 (10th Cir. Sept. 6, 2016). "Mr. Reed 'must have no other adequate means to attain the relief he desires'; his right to the writ must be 'clear and indisputable'; and [the court] must be satisfied that the writ is an appropriate exercise of [its] discretion under the circumstances." *Id.* (citing *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009).

This court, much like the Tenth Circuit, finds that Mr. Reed's "petition does not meet th[e] high standard for mandamus relief." *In re: Robert Arthur Reed*, No. 16-8085 (10th Cir. Sept. 6, 2016). Indeed, the Tenth Circuit's decision alone provides a basis to deny the writ of mandamus.

In that case, Mr. Reed made arguments nearly identical to the arguments in this case and requested he be given "original signed investment contracts . . . [related to] wind farm projects located in Wyoming." Brief for Petitioner at 49 *In re: Robert Arthur Reed*, No. 16-8085. In this case, he seeks, "original, signed investment contracts, including any investment contracts which placed funds into wind farm projects in Wyoming." (ECF No. 10 at 4.) It is unclear whether this court has the power to compel this information, given the Tenth Circuit's earlier denial of nearly identical relief.

Nonetheless, even to the extent the Tenth Circuit case does not fully preclude Mr. Reed's request here, his request for a writ fails because he does not establish the three necessary criteria to obtain a writ. First, other adequate means exist to obtain the information. Mr. Reed baldly concludes that no adequate means exist to obtain the information he desires, but he does not establish a lack of adequate means; nor does he provide any basis for his conclusion. Instead, it appears that adequate means do exist, but Mr. Reed has exhausted his legitimate attempts to obtain relief. As previously mentioned, Mr. Reed was criminally prosecuted in the District of Wyoming. For reasons he does not fully explain, Mr. Reed now brings this petition in the District of Utah seeking relief related to the Wyoming case.[2] To the extent Mr. Reed takes issue with the discovery process in the Wyoming case, he must take the matter up with the District of Wyoming, not this court. Based on the totality of his filings, it appears that Mr. Reed hopes his tangential relationship with this District (a detention hearing discussed further below, *Part* II.b *infra*) gives this court power and inclination to interfere with the District of Wyoming. It does not. Moreover, as already mentioned, the District of Utah cannot interfere with the Tenth

---

[2] Mr. Reed's decision to file in this District may be a result of his failure to obtain relief in the District of Wyoming. *See Reed v. United States*, No. 2:16-mc-00033, (D. Wyo. Apr. 12, 2016).

Circuit's decisions regarding these matters. *See, e.g.*, *In re: Robert Arthur Reed*, No. 16-8085 (10th Cir. Sept. 6, 2016) (denying request for writ compelling production of, among other things, "'investment contracts' in wind farm projects"); *United States v. Reed*, 602 F. App'x 436, 441 (10th Cir. 2015) (denying Mr. Reed's "motion to supplement the record"). Thus, other means exist to obtain the relief Mr. Reed seeks. His lack of success does not translate into lack of available means.

Additionally, Mr. Reed does not suggest any basis on which the court could find he is entitled to any information from Respondent. Mr. Reed does not allege that Respondent was involved in his prosecution, or even aware of it, other than a pretrial detention matter discussed below. *Infra* Part II.b. Mr. Reed does not allege facts that suggest Respondent is in possession of any documents Mr. Reed seeks. Likewise, Mr. Reed does not describe any duty Respondent might have to provide the requested information. Thus, Mr. Reed has failed to show he has any right to the relief he seeks. Accordingly, the court will recommend the District Court deny Mr. Reed's petition because he failed to meet any of the necessary criteria to obtain mandamus relief.

    b.  **Petition to vacate**

The "Petition to Vacate Order, Judgment or Proceeding for Fraud on the Court" fares worse. (ECF No. 15.) Petitioners argue that, based on an alleged fraud, the District of Utah lacked jurisdiction to enter pretrial orders made around the time Petitioners were arrested in this District in 2012. It is not clear which order(s) Petitioners intend to challenge because they discuss a search warrant, but the matter they cite involved only pretrial detention, not a warrant. *See U.S. v. Reed*, No. 12-mj-00093 (D. Utah 2012). Ultimately, this ambiguity is immaterial because the petition is deficient whether it addresses detention, or a warrant.

As the Tenth Circuit previously held, Civil Rule 60 "has no application whatever to criminal matters." *United States v. Bennett*, 131 F.3d 152 (10th Cir. 1997) (table). The Tenth Circuit in *Bennett* affirmed the district court's decision that found a Civil Rule 60 motion that sought to challenge the trial court's jurisdiction in a criminal matter was frivolous. Here, much like in *Bennett*, Petitioners invoke Federal Rule of Civil Procedure 60 to challenge an order in a criminal case. This is nothing more than a vain effort to conceal a collateral attack on the Wyoming court's jurisdiction.

Additionally, as was true in *Bennett*, the court might "typically be inclined to construe [Petitioners'] pro se motion liberally . . . as one filed pursuant to 28 U.S.C. § 2255, which provides an appropriate means to raise collateral challenges to jurisdiction . . . [but the] motion states unequivocally that it is *not* to be construed as a motion under 28 U.S.C. § 2255." *Compare id. with* ECF No. 10, Ex. 3 at 30. For the foregoing reasons, the court will recommend the District Court deny the "Petition to Vacate Order, Judgment or Proceeding for Fraud on the Court". (ECF No. 15.)

### c. Review of in forma pauperus complaint

The court analyzes Mr. Reed's[3] Complaint as part of its review provided in the statute governing proceedings in forma pauperis. *See* 28 U.S.C. § 1915 ("the court shall dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief can be granted; or seeks monetary relief against a defendant who is immune from such relief."). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious

---

[3] Ms. Scott is not identified as a plaintiff in the Complaint, nor did she sign it.

Page **5** of **8**

that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

1. *Mr. Reed does not allege any facts to support a claim against Mr. Huber*

Primarily, Mr. Reed's Complaint is deficient because it is devoid of factual allegations related to the lone named Defendant, John W. Huber. Instead, the Complaint is directed at unidentified prosecutors involved in the District of Wyoming matter. (*E.g.* ECF No. 14 at 6.)

The Complaint does make a few conclusory statements about Mr. Huber, such as: "Defendant in his official capacity as United States [A]ttorney did knowingly and unlawfully falsify documents and tamper with evidence . . . ." (ECF No. 14 at 13.) Yet, the Complaint offers no facts that could support these bald conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). This failure to allege any operative facts that could support a claim against the lone Defendant renders the complaint deficient and subject to dismissal.

2. *Mr. Reed does not allege facts to support a claim against any other defendant*

Also, the Complaint is deficient for the same reason the court denies the petitions discussed above. The Complaint alleges facts in an attempt to support Mr. Reed's request for the writs he requests. But Mr. Reed has not established any entitlement to the requested writs, regardless of whom the court might substitute as a defendant.

Next, aside from the request for the writs, the Complaint only requests money damages. (*See* ECF No. 14 at 14.) The damage claim is fatally flawed because Prosecutors enjoy absolute immunity from suit "while acting within the course of [their] duties in initiating prosecution and presenting the government's case." *Tripati v. U.S.I.N.S.*, 784 F.2d 345, 346–47 (10th Cir. 1986).

Here, as previously noted, Mr. Reed's allegations claim that prosecutors were acting in an "official capacity." (ECF No. 14 at 13.) Mr. Reed does not describe any conduct outside of a prosecutor's ordinary duties. Thus, even to the extent the court was willing to overlook the conclusory nature of the allegations in the Complaint; Mr. Reed indicates that the prosecutors acted only to initiate or present the government's case. Thus, they are immune from suit.

### 3. *Amendment would be futile*

Finally, the court finds that an amendment would be futile for two reasons. First, the requests in this case are, in reality, a poorly disguised request for relief under 28 U.S.C. § 2255 because they seek to collaterally attack the sentence imposed by the District of Wyoming. Yet, Petitioners clearly state that they do not intend to seek such relief in this case. *See* ECF No. 10, Ex. 3 at 30. Second, and relatedly, Petitioners have sought, and been denied, identical relief in the District of Wyoming and the Tenth Circuit. Accordingly, an amendment would be futile.

For the foregoing reasons, the court recommends the District Court dismiss the Complaint for failure to state a claim upon which relief could be granted. Ordinarily, the court would recommend dismissal without prejudice, but given the number of unsuccessful and repeated attempts Mr. Reed has made to obtain this relief in other forums, the court finds that dismissal should be made without leave to amend because such amendment would be futile.

## III. RECOMMENDATIONS

For the reasons discussed above, this court **RECOMMENDS** the District Court

**DENY** the "Petition for Writ of Mandamus." (ECF No. 10.)

**DENY** the "Petition to Vacate Order, Judgment or Proceeding for Fraud on the Court". (ECF No. 15.)

**DISMISS** the Complaint for failure to state a claim upon which relief can be granted and close this case.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections. Failure to object may constitute a waiver of objections upon subsequent review.

Dated this 22nd day of February 2017.    By the Court:

_____
Dustin B. Pead
United States Magistrate Judge